UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NICOLE DOVE,<br>Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COREWELL HEALTH F/K/A SPECTRUM HEALTH SYSTEM,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COMPLAINT – COLLECTIVE/CLASS ACTION

Plaintiff—Nicole Dove—brings this action individually and on behalf of all current and former hourly patient-facing care providers, who were subject to an automatic meal break pay deduction (collectively, "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—Corewell Health f/k/a Spectrum Health System ("Corewell")—anywhere in the United States, at any time from during the relevant time periods, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and unpaid straight time wages pursuant to Michigan common law.

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages pursuant to the FLSA, and a class action pursuant to the state laws of Michigan under FED. R. CIV. P. 23, to recover unpaid straight time wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Corewell at any time during the relevant time periods, through the final

disposition of this matter, and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion, and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time periods, Corewell knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek, and the proper amount of overtime on a routine and regular basis.

6. Specifically, Corewell's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked off the clock)—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed (and continue to perform) compensable work off the clock through their respective meal-period breaks.

7. The effect of Corewell's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Corewell has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked, and has failed to properly compensate them the proper amount of overtime under the FLSA and Michigan state law.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Michigan state law.

9. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under Michigan common law as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Dove designated as the Class Representative of the Michigan Class.

## II.
## THE PARTIES

12. Plaintiff—Nicole Dove ("Dove")—was employed by Corewell in Michigan during the relevant time periods. Plaintiff Dove did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former hourly patient-facing care providers who were employed by Corewell at any time from February 20, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Dove worked and was paid.

14. The Michigan Class Members are those current and former hourly patient-facing care providers who were employed by Corewell in Michigan, at any time from February 20, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Dove worked and was paid.

---

[1] The written consent of Nicole Dove is attached hereto as Exhibit "A."

15. Defendant Corewell Health f/k/a Spectrum Health System is a domestic not for profit corporation, licensed to and doing business in the State of Michigan, and may be served through its registered agent for service of process: **David M. Leonard, 211 Michigan Street, NE, Grand Rapids, Michigan 49503.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Michigan state law claims pursuant to 28 U.S.C. § 1367.

18. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19. This Court has general and specific personal jurisdiction over Corewell because Michigan qualifies as its home state and because Corewell employed Plaintiff in Michigan.

20. Venue is proper pursuant to 28 U.S.C. § 1391 in the Western District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Additionally, Corewell's corporate headquarters is in Grand Rapids, Michigan, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

22. Defendant Corewell operates several healthcare facilities providing healthcare services to its patients throughout the State of Michigan.[2]

---

[2] https://corewellhealth.org/about.

23. To provide its services, Corewell employed (and continues to employ) numerous hourly patient-facing care providers—including Plaintiff and the individuals that make up the putative collective and class.

24. Plaintiff and the Putative Collective/Class Members were (and are) employed by Corewell as non-exempt, patient-facing care providers who had (and continue to have) a meal break automatically deducted from their daily time.

25. Plaintiff and the Putative Collective/Class Members' job titles include (but are not limited to) Nurse Aide, Certified Nurse Assistant, Certified Medical Assistant, Medical Assistant, Registered Nurse, Patient Care Assistant, Competency-Evaluated Nursing Assistant, and Licensed Practical Nurse.

26. Plaintiff and the Putative Collective/Class Members' job duties include assisting with treatments ordered by doctors, assisting medical professionals, interviewing patients, measuring vital signs, recording patient information, assessing patients, answering phones, checking on patients, answering patient questions, and more generally providing direct care for Corewell's patients.

27. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout Corewell's facilities.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as Corewell) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29. Plaintiff Dove has been employed by Corewell in Grand Rapids, Michigan as a Compentency-Evaluated Nursing Assistant from approximately October 2020 until May 2022.

30. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Corewell resulting in the complained of FLSA and Michigan state law violations.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties—specifically, they all provide patient-facing healthcare services on behalf of Corewell.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure—specifically, they are all paid on an hourly basis and have at least a 30-minute meal break deducted automatically from their daily time.

35. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Corewell resulting in the complained of FLSA and Michigan state law violations.

36. Plaintiff and the Putative Collective/Class Members were typically scheduled to work three (3) or four (4) 12-hour shifts a week, which equates to thirty-six (36) or forty-eight (48) hours per week—these are referred to as on-the-clock hours.

37. In addition to their on-the-clock hours, Plaintiff and the Putative Collective/Class Members regularly worked between one-and one-half to two hours "off-the-clock" per week and have not been compensated for that time.

38. Corewell has a policy (and practice) to automatically deduct a 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time whether or not they perform compensable work during such "breaks."

39. Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

40. Despite automatically deducting thirty (30) minutes of time from Plaintiff and the Putative Collective/Class Members' daily time, Corewell does not completely relieve Plaintiff and the Putative Collective/Class Members from duty for the purposes of taking their meal break(s).

41. Corewell's policies require Plaintiff and the Putative Collective/Class Members to assist patients whenever a patient requests or needs assistance, even if on an unpaid meal break.

42. Plaintiff and the Putative Collective/Class Members are prohibited from ignoring patients in need of assistance pursuant to Corewell's policies.

43. Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

44. Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant patient calls and duties.

45. Corewell was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and Michigan state law.

46. Specifically, Plaintiff and the Putative Collective/Class Members alerted their Corewell managers that they are frequently unable to take a full undisturbed thirty-minute meal break.

47. Corewell's systematic deduction of thirty (30) minutes each day from Plaintiff and the Putative Collective/Class Members' on-the-clock time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Michigan state law.

48. Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) twelve-hour shifts in a week and did not receive a meal break during any shift, Corewell's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

49. When Plaintiff and the Putative Collective/Class Members worked four (4) twelve-hour shifts in a week and did not receive a meal break during any shift, Corewell's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

50. As a result of Corewell's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed off the clock, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the Michigan state law.

51. Corewell knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

52. Corewell knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

53. Corewell knew or should have known that automatically deducting thirty minutes for a meal break, while it simultaneously caused and required Plaintiff and the Putative Collective/Class Members to perform compensable work during that meal break while off the clock would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

54. Because Corewell did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Corewell's pay policies and practices willfully violated (and continue to violate) the FLSA.

55. Because Corewell did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Corewell's pay policies and practices violated (and continue to violate) Michigan state law.

56. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Michigan state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Collective Action Allegations)**

**A.   FLSA COVERAGE**

57. The preceding paragraphs are incorporated as though fully set forth herein.

58. The "FLSA Collective" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR COREWELL HEALTH F/K/A SPECTRUM HEALTH SYSTEM, AT ANY TIME FROM FEBRUARY 20, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective").**

59. At all material times, Corewell has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

60. At all material times, Corewell has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

61. At all material times, Corewell has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that

said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

62. Specifically, Corewell operates numerous health care facilities in Michigan, purchases materials through commerce, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

63. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Corewell, these individuals provided services for Corewell that involved interstate commerce for purposes of the FLSA.

64. In performing work for Corewell, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Corewell's customers and employees throughout the State of Michigan. 29 U.S.C. § 203(j).

66. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

67. The proposed class of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 58.

68. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Corewell.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

69. Corewell violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

70. Moreover, Corewell knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

71. Corewell knew or should have known its pay practices were in violation of the FLSA.

72. Corewell is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

73. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Corewell to pay them according to the law.

74. The decision and practice by Corewell to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

75. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Corewell's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

78. Other similarly situated employees of Corewell have been victimized by Corewell's patterns, practices, and policies, which are in willful violation of the FLSA.

79. The FLSA Collective Members are defined in Paragraph 58.

80. Corewell's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Corewell, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

81. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

82. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

83. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

84. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

85. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Corewell will retain the proceeds of their violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

87. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 58.

## COUNT TWO
### (Michigan Class Action Allegations)

**A.   VIOLATIONS OF MICHIGAN COMMON LAW**

88. All previous paragraphs are incorporated as though fully set forth herein.

89. Plaintiff Dove further brings this action pursuant to the equitable theory of *quantum meruit*. *See Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195, 729 N.W.2d 898, 904 (2006).

90. The "Michigan Class" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR COREWELL HEALTH F/K/A SPECTRUM HEALTH SYSTEM, IN THE STATE OF MICHIGAN AT ANY TIME FROM FEBRUARY 20, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Michigan Class").**

91. The Michigan Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Corewell.

92. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA and are therefore not preempted by the FLSA. *See Athan v. United States Steel*, 364 F. Supp. 3d 748, 755 (E.D. Mich. 2019). Plaintiff does not seek relief under state law that is available under the FLSA.

93. The Plaintiff Dove and the Michigan Class Members provided valuable benefits—their labor—to Corewell.

94. Corewell accepted Plaintiff Dove and the Michigan Class Members' services and benefited from their timely dedication to Corewell's patients.

95. Corewell was aware that Plaintiff Dove and the Michigan Class Members expected to be compensated for the services they provided to Corewell.

96. Allowing Corewell to retain the benefit of Plaintiff Dove and the Michigan Class Members' labor without paying them for it would result in inequity.

97. Plaintiff Dove and the Michigan Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

98. Accordingly, the Michigan Class should be certified as defined in Paragraph 90.

**B.    MICHIGAN CLASS ACTION ALLEGATIONS**

99. Plaintiff Dove and the Michigan Class Members bring their Michigan common law claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Corewell to work in Michigan since February 20, 2020.

100. Class action treatment of Plaintiff Dove and the Michigan Class Members' claims is appropriate because all of Rule 23's class action requisites are satisfied.

101. The number of Michigan Class Members is so numerous that joinder of all class members is impracticable.

102. Plaintiff Dove's Michigan state-law claims share common questions of law and fact with the claims of the Michigan Class Members.

103. Plaintiff Dove is a member of the Michigan Class, her claims are typical of the claims of other Michigan Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Michigan Class Members.

104. Plaintiff Dove and her counsel will fairly and adequately represent the Michigan Class Members and their interests.

105. Class certification is appropriate under FED R. CIV. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

106. Accordingly, the Michigan Class should be certified as defined in Paragraph 90.

## VI.
## RELIEF SOUGHT

107. Plaintiff Dove respectfully prays for judgment against Corewell as follows:

    a.    For an Order certifying the FLSA Collective as defined in ¶ 58;

    b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order pursuant to § 16(b) of the FLSA finding Corewell liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.    For an Order certifying the Michigan Class as defined in ¶ 90, and designating Plaintiff Dove as Representative of the Michigan Class;

    e.    For an Order pursuant to the Michigan state law awarding Plaintiff Dove and the Michigan Class Members damages for unpaid wages and all other damages allowed by law;

    f.    For an Order awarding the costs of this action;

    g.    For an Order awarding attorneys' fees;

    h.    For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

    i.    For an Order awarding Plaintiff Dove a service award as permitted by law;

j.  For an Order compelling the accounting of the books and records of Corewell, at Corewell's expense (should discovery prove inadequate); and

k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   February 20, 2023                     Respectfully submitted,

By:   /s/ Jennifer McManus
**Jennifer McManus**
Michigan Bar No.
jmcmanus@faganlawpc.com
**FAGAN MCMANUS, P.C.**
25892 Woodward Avenue
Royal Oak, Michigan
Telephone: (248) 658-8951
Facsimile: (248) 542-6301

By:   /s/ Clif Alexander
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiffs and Putative Collective / Class Members*