UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAD MOBILE, INC.,

    Plaintiff,

v.

MEIJER GREAT LAKES LIMITED
PARTNERSHIP,

    Defendant.

_____/

Case No. 1:23-cv-1020

HON. ROBERT J. JONKER

**ORDER**

    This matter is before the Court on Mad Mobile's Motion to Seal selected portions of a Supplemental Declaration of Jack Kennedy. (ECF No. 26). A public and redacted version of the Supplemental Declaration is included as Exhibit 3 to Mad Mobile's Amended Memorandum in support of Motion for Preliminary Injunction. (ECF No. 24-3). The complete and proposed sealed version is ECF No. 29. Mad Mobile has also revised its preliminary injunction brief and supporting exhibits, (ECF No. 24), to avoid any requests for sealing other than those in the Supplemental Kennedy Declaration.

    The Court has reviewed the current request for sealing under the standards and case law cited in the Court's earlier Order denying Mad Mobile's original motion to seal. (ECF No. 20). It is obvious to the Court that Mad Mobile took the Court's view of those standards and case law seriously in updating its overall submission on the preliminary injunction issues. Much of the material originally submitted for sealing has now been filed on the public record, sometimes with revisions Mad Mobile felt were necessary to protect confidentiality but that did not impair its

argument.  This will allow the parties, the Court, and the public to work with a common set of exhibits and arguments on the preliminary injunction, and related issues.

The request for sealing that Mad Mobile is now making is much more limited and, from what the Court knows of the case so far, comfortably satisfies the standard for restricted access filing under applicable law, including this Court's Local Rule 10.6.  First, the information that Mad Mobile asks to seal now includes much more specific detail on how Mad Mobile approached, and in its view solved, issues involved in using Meijer's legacy systems, and related matters.  The Court need not make any final decisions on how much of the information technically qualifies for statutory or common law trade secret protection to see that the information deserves protection from public disclosure at this time.  Second, even though the Court will undoubtedly need continued assistance from both sides to understand details of the work proposed and performed in the case, the Court can see from review of the proposed sealed information how a competitor of Mad Mobile could readily use that information to improve its competitive position at Mad Mobile's expense.  Third, the information in the Supplemental Kennedy Declaration that Mad Mobile seeks to seal goes well beyond anything the Court has seen in publicly available information describing how Mad Mobile works.  And finally, as already noted, Mad Mobile has made a careful effort to file as much information as possible on the public record, reserving for its request to seal only information that on its face is detailed and open to competitive exploitation if publicly disclosed.

**ACCORDINGLY**, the Court **GRANTS** Mad Mobile's Motion to Seal the designated portions of the Supplemental Kennedy Declaration. (ECF No. 26).  The Clerk of Court shall ensure that the Proposed Seal Document, (ECF No. 29), remains available only to the Court and counsel of record, and not the public.  The publicly available version is already on the record as ECF No.

24-3. The Court may use the information in ECF No. 29, as well as any information on the public record, in assessing and deciding the issues in this case. If the Court does use sealed information in its decision, it will ensure that the publicly available version of the Court's written Order does not disclose the content of sealed information in ECF No. 29.

**IT IS SO ORDERED.**

Dated:  October 23, 2023  /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE