UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**NICOLE DOVE,**

    **Plaintiff,**                                   Case No. 1:23-cv-00182-RJJ-SJB

v.                                                         HON. ROBERT J. JONKER

**COREWELL HEALTH, f/k/a**
**SPECTRUM HEALTH SYSTEM,**

    **Defendant.**

_____/

**BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL**
**OF SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE**

## INTRODUCTION

Plaintiff Nicole Dove ("Dove"), Lindsay Allard, Cora Cage Nelson, Stephanie Cowan, Cortney Crawford, Jessica Dies, Holly Goad, Sharon Harrel, Lisa Holmes, Elizabeth Hovey, Nyiesha James, Nicole Main, Wanishea Marlowe, Kristen Meinema, Derek Mingerink, Linda Morehouse, Sherry Neforas, Elizabeth Nieder, Jennell Olszewski, Hayley Smith, Jennifer Smith, Olivia Starkweather, and Aimee Zuiderveen (collectively, the "Opt-Ins") (collectively, Dove and the Opt-Ins are the "Plaintiffs"), and Defendant Corewell Health ("Corewell") jointly move that the Court approve their agreement resolving this case. Because settlement includes the resolution of a claim under the Fair Labor Standards Act ("FLSA"), the settlement requires the Court's approval.

## BACKGROUND

Dove filed her Second Amended Collective Action Complaint on May 24, 2023. (ECF No. 32, PageID.271-289). She alleged that Corewell automatically deducted a 30-minute meal period from her recorded work time even when she worked through meal periods. *Id*. Dove alleged that Corewell's alleged practice violated the FLSA, because it resulted in a failure to pay for all time worked which served to deny overtime wages in the weeks in which she worked more than 40 hours. *Id*. After Dove filed her lawsuit, 27 individuals submitted written opt-in consents to join the lawsuit. (ECF No. 5; ECF No. 6; ECF No. 9; ECF No. 16; ECF No. 17; ECF No. 20; and ECF No. 69). Five of the individuals who opted-in were dismissed from the action with prejudice. (ECF No. 27; ECF No. 70; ECF No. 81). Dove and the Opt-Ins are the individuals who remain in the lawsuit.

Corewell denies that it is liable to Dove and the Opt-Ins for unpaid overtime, because both its policy and practice comply with the FLSA. Specifically, if employees are unable to take a full 30-minute meal period due to work-related interruptions or obligations, Corewell's written meal

period policy instructs them to clock to "no lunch" or to inform their leader to edit their payroll record so they are paid for that time. (ECF No. 57-2, PageID.596). In fact, Plaintiffs regularly used the "no lunch" ("NL") code on the timekeeping system so that they were paid when they did not take a full meal period.

On July 21, 2023, Dove moved for court authorization to issue a collective action notice. (ECF No. 47, PageID.407-409). She asked to send a notice to "[a]ll hourly, non-exempt Corewell employees employed at any facility/ies associated with Spectrum Health/Spectrum Lakeland, who received an automatic meal period deduction at any time during the past 3 years[.]" *Id*., PageID.407. Corewell opposed Dove's motion. (ECF No. 57-1, PageID.567-592).

On October 6, 2023, the Court denied Dove's motion. (ECF No. 86, PageID.998-1006.). The Court found that Plaintiffs' regular use of the "NL" code "substantially undercuts" Dove's theory that Corewell "knew or should have known that its automatic meal break deduction resulted in widespread unpaid, off-the-clock work." It also found that "Court-authorized notice is especially inappropriate here because Plaintiffs propose a large, broad, and unwieldy group of potential opt-ins." *Id*., PageID.1004.

Thereafter, the parties engaged in settlement negotiations and reached an agreement. The Settlement Agreement and Release (the "Agreement") is attached as **Exhibit 1**.

### SUMMARY OF NON-MONETARY SETTLEMENT TERMS

**I.    CONFIDENTIALITY OF THE FINANCIAL TERMS OF THE AGREEMENT IS AN ESSENTIAL TERM OF SETTLEMENT.**

If the financial terms of the Agreement are not kept confidential, there is an increased likelihood that Corewell could be exposed to further litigation related to its meal period policy, thus depriving it of the primary benefit of settling this case. The parties therefore filed with this

Motion a copy of the Agreement with all financial terms redacted.  They will submit to the Court an unredacted copy of the Agreement for its *in camera* review.

Confidentiality of the financial terms is consistent with the purposes of the FLSA.  The public interest is served by confidentiality, because it encourages and facilities settlement negotiations and voluntary resolution of disputes and preserves the Court's and the parties' time and resources.  No interested party will be prejudiced by the parties filing a redacted version of the Agreement, but requiring the parties to file an unredacted copy of the Agreement could jeopardize the settlement and potentially subject Corewell to copycat claims.

## II.     SETTLEMENT PLAN AND STRUCTURE.

As reflected in the Parties' Agreement, Plaintiffs will receive settlement checks in an amount based on each participant's allocation. Half (50%) of each settlement payment shall be treated as taxable wages, subject to required withholdings and/or deductions, and reported as wage income as required by law. Defendant is responsible for payment of the employer's share of payroll taxes resulting from the W-2 portion of the settlement payments. The remaining half (50%) of each settlement payment shall be considered and reported as non-wage penalties and liquidated damages. Each check will remain valid for 120 days from the date of issuance.

## III.    RELEASE OF CLAIMS.

Plaintiffs will release Corewell from all claims that were or could have been asserted in the Second Amendment Complaint and/or under the FLSA, or any other state or federal law or rule related to compensation, wages, hours, or overtime pay, whether presently known or unknown to the Parties, arising from any fact, circumstance, or event that occurred or existed at any time before the Parties signed the Agreement. In addition, Named Plaintiff Dove will sign a general release and waiver of claims in exchange for a service award as described in the Agreement.

**IV.    PLAINTIFFS' COUNSEL'S ATTORNEY FEES AND COSTS.**

Plaintiffs' Counsel seeks approval of a Fee and Cost Award as described in the Agreement. This award will cover Plaintiffs' Counsel's negotiated attorneys' fees, as well as reimbursement of their out-of-pocket litigation costs. Both amounts are fair and reasonable to compensate Plaintiffs' Counsel for their efforts in prosecuting this action. Corewell does not oppose this request.

**MEMORANDUM OF LAW**

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Williams v. Glob. Appliances, LLC*, No. 19-12114, 2020 WL 13815464, at *1 (E.D. Mich. Aug. 20, 2020) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). "[D]istrict courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements." *Scobey v. Gen. Motors, LLC*, No. 20-12098, 2021 WL 5040312, at *2 (E.D. Mich. Oct. 28, 2021) (quoting *Athan v. United States Steel Corp*, 523 F.Supp.3d 960, 964-65 (E.D. Mich. 2021)). "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Lynn's Food*, 679 F. 2d at 1354.

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016). Before approving settlement of an FLSA claim, "'the Court must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented.'" *Scobey*, 2021 WL 5040312 at *2 (quoting *Athan*, 523 F.Supp. 3d at 965)); *Lakosky v. Discount Tire Co., Inc.*,

4

2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015). "A bona fide dispute has to do with whether some issue of the employer's liability is 'actually and reasonably in dispute.'" *Id.* (quoting *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015)). As explained herein, the Parties' Agreement constitutes a fair and reasonable compromise of a bona fide dispute.

## I.     THE PARTIES ARE ENGAGED IN A BONA FIDE DISPUTE.

As described herein, the Parties have a number of fundamental disagreements, including but not limited to whether the proposed collective would be appropriate for court-authorized notice after further discovery and the appropriate scope of the putative collective; whether Corewell's automatic meal deduction policy resulted in unpaid overtime; whether Corewell knew that any alleged off the clock work was happening; whether and to what extent Plaintiffs worked overtime in workweeks during the relevant time period; whether Corewell's alleged violation was willful; and whether liquidated damages are appropriate. A bona fide dispute over FLSA claims exists between the parties. *See Toliver v. JBS Plainwell, Inc.*, No. 1:11-cv-302, 2015 WL 11254741, at *1 (W.D. Mich. May 13, 2015).

## II.    THE SETTLEMENT IS FAIR AND REASONABLE.

The Sixth Circuit has set out guiding factors to determine whether a settlement of a class action is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615,

5

631 (6th Cir. 2007).[1] "These factors are also considered in determining whether the settlement of FLSA claims is 'fair and reasonable.'" *Combs v. TruGreen LP*, 1:08-CV-489, 2010 WL 11636094, at *5 (S.D. Ohio Sept. 2, 2010).

In this case, while the sixth factor does not apply, the application of the other *UAW* factors favors approval of the proposed Agreement.

### A. There is No Fraud or Collusion.

"Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006). Here, there is no evidence of fraud or collusion. Instead, the Parties' made their divergent positions on a variety of bona fide disputes clear, both on and off the record, throughout litigation of this action, which underscores an absence of fraud or collusion. *See Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-CV-18, 2017 WL 4390294, *2 (S.D. Ohio Oct. 3, 2017) ("The parties' divergent positions would have required judicial resolution had a settlement not been reached through many months of arms-length negotiation between competent counsel. Thus, the settlement is free from indicia of fraud and collusion."). This factor favors approval of the Agreement.

### B. The Complexity, Expense, and Likely Duration of the Litigation Favors Approval of the Agreement.

Courts acknowledge that "[e]mployment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming." *Daoust v. Maru Rest.*, LLC, 17-CV-13879, 2019

---

[1] These factors also largely overlap with the *Leverso* factors, which have also been used as tool for assessing the reasonableness of a FLSA settlement; generally, a settlement that satisfies the UAW factors will likewise satisfy the *Leverso* factors. *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994) (Courts consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and lengthy duration of the litigation; (3) the state of the proceedings; (4) the probability of Plaintiff's success on the merits; and (5) the range of possible recovery).

6

WL 2866490, at *2 (E.D. Mich. July 3, 2019); *Graybill v. Petta Enterprises, LLC*, 2:17-CV-418, 2018 WL 4573289, at *5 (S.D. Ohio Sept. 25, 2018) ("[m]ost class actions are inherently complex" and finding this factor supported approval where the parties had been litigating for over a year and the case would require more discovery and motions, as well as trial preparation). This case is particularly complex because it "is currently a multi-plaintiff FLSA case against Corewell." (ECF No. 92, PageID.1042).

If the litigation had continued, the Parties would have engaged in additional written discovery; Corewell would depose each of the 23 remaining Plaintiffs; Plaintiffs would depose multiple Corewell representatives; the Parties likely would have engaged in complex discovery disputes, briefed a motion for collective action, a motion for summary judgment, and a motion to eliminate the collective action; and potentially tried the case on its merits.  The Agreement, however, provides prompt and substantial relief to the Plaintiffs and provides Defendant the benefit of certainty related to these claims. This factor favors approval of the Agreement. *Thomsen*, 2022 WL 16708240, at *6 (where parties acknowledge "continued litigation would be complex, costly, and likely continue for several years with no guarantee of relief" this factor favored approval).

### C. **Status of Discovery.**

"The relevant inquiry with respect to this factor is whether the plaintiff has obtained a sufficient understanding of the case to gauge the strengths and weaknesses of the claims and the adequacy of the settlement." *New York State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016), *aff'd*, 2017 WL 6398014 (6th Cir. Nov. 27, 2017). Here, the Parties engaged in substantial written discovery regarding the claims and defenses at issue, collective action, and damages, as evidenced by the discovery disputes that the Parties worked through, such

7

as motions to compel discovery and depositions, and the discovery orders on file. *See e.g.* ECF Nos. 36, 37, 39, 43, 44, 46, 50, 51.

Further, Class Counsel has comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and had and has ample evidence on which to base an informed assessment of the proposed Agreement. Exhibit 2, at ¶¶ 1-10; *see Kritzer v SafeLite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144 at *7 (S.D. Ohio, May 30, 2012) (court finding this factor favored settlement) ("To ensure that the class plaintiffs have had access to the information needed to adequately assess their case and the desirability of the proposed settlement, it is necessary to consider the stage of the proceedings and the amount of discovery taken to date. ... In light of the discovery that took place prior to settlement taking place, the Court deems it appropriate to defer to the judgment of experienced trial counsel with regard to the evaluation of the strength of the case and the desirability of settlement at this stage of the proceeding.") (internal citations omitted). This factor favors approval of the settlement.

### D.     Likelihood of Ultimate Success.

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Graybill*, 2018 WL 4573289 at *6 (internal citations omitted). Courts recognize that good-faith arguments may be advanced in favor of each side. As such, resolution of these issues could go either way. "Settlements involve compromise, and [c]ourts routinely recognize that settlements never equal the full value of the loss claimed by the plaintiffs." *IUE-CWA*, 238 F.R.D. at 596.

While both Parties here believe they would have succeeded on the merits, there is no guarantee that either Party would receive an outcome in their favor. Corewell has denied all liability and asserted numerous defenses, which, if established, could result in no recovery for

8

Plaintiffs. Moreover, Plaintiffs acknowledge they are faced with obstacles: In denying Dove's motion for court-authorized notice, the Court noted that the Plaintiffs' use of the "NL" entry on their time records "substantially undercuts" their theory that "Corewell knew or should have known that its automatic meal break deduction resulted in widespread unpaid, off-the-clock work." (ECF No. 86, PageID.1003-1004). Proceeding to trial on the merits would involve significant risks as to liability for both Parties. Given the uncertain likelihood of success associated with continued litigation, this factor favors approval of this settlement.

### E.  Opinions of Class Counsel.

"The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Based on counsel's knowledge of the case and applicable law, as well as their experience in numerous similar wage and hour collective actions, they believe the Agreement constitutes a fair and reasonable result for all Parties. Ex. 2, ¶¶ 1-10, 18-19. This factor supports approval of the Settlement. *See Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.... [T]he deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered"); *see also Mitchell v. Indep. Home Care, Inc.*, No. 2:17-CV-717, 2019 WL 696941, *5 (S.D. Ohio Feb. 20, 2019), *adopted*, 2019 WL 1125760 (S.D. Ohio Mar. 12, 2019) ("The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference.") (internal citations omitted).

### F.  Public Interest.

The fact that the Parties' Agreement (1) resolves what would be further protracted litigation and (2) provides relief for individuals who, financially or otherwise, would be unable to bring their

9

claims individually, also supports a finding that the Parties' Settlement promotes the public interest. *See, e.g., Graybill*, 2018 WL 4573289 at *7 (finding this factor favored approval because it was a reasonable compromise and "provides relief for individuals who may not be able to bring these claims on their own"); *Gentrup v. Renovo Servs.*, LLC, No. 1:07CV430, 2011 WL 2532922, *3 (S.D. Ohio June 24, 2011) ("Given the uncertainties surrounding the possible trial in this matter, the certainty and finality that come with settlement also weigh in favor of a ruling approving the settlement. Such a ruling promotes the public interest in encouraging the settlement of litigation."). Like the others, this factor favors approval of this settlement.

## **CONCLUSION**

For the reasons stated above, the settlement is a fair and reasonable resolution of a bona fide dispute. The Parties request that the Court enter an Order (1) approving the Settlement Agreement and Release and (2) dismissing this action in its entirety, with prejudice, as described in the Agreement. A proposed Order is attached as **Exhibit 3**.

| | |
|---|---|
| By: */s/ Alyssa J. White* <br> Michael A. Josephson (TX 24014780) <br> Andrew W. Dunlap (TX 24078444) <br> Alyssa J. White (TX 24073014) <br> Josephson Dunlap LLP <br> 11 Greenway Plaza, Suite 3050 <br> Houston, TX 77046 <br> (713) 352-1100 <br> mjosephson@mybackwages.com <br> adunlap@mybackwages.com <br> awhite@mybackwages.com | */s/ Matthew M. O'Rourke* <br> William H. Fallon (P33132) <br> Matthew M. O'Rourke (P79019) <br> Attorneys for Defendant <br> 45 Ottawa Avenue SW, Suite 1100 <br> Grand Rapids, MI  49503 <br> (616) 831-1700 <br> fallonw@millerjohnson.com <br> orourkem@millerjohnson.com <br> <br> **Attorneys for Defendant** |
| Jennifer McManus (P65976) <br> Fagan McManus, P.C. <br> 25892 Woodward Avenue <br> Royal Oak, MI  48067-0910 <br> (248) 542-6300 <br> jmcmanus@faganlawp.com | Date: February 9, 2024 |

**Attorneys for Plaintiffs**

Date: February 9, 2024

**CERTIFICATE OF COMPLIANCE**

In compliance with W.D.Mich.LR 7.2(b)(i), I certify that the Brief in Support of the Joint Motion for Approval of Settlement Agreement and to Dismiss Case with Prejudice does not exceed ten thousand eight hundred (10,800) words, including in the word count headings, footnotes, citations and quotations, but not including in the word count the case caption, cover sheet, table of contents, table of authorities, signature block, attachments, exhibits, and declarations.  The word count of 3,099 words was generated by Microsoft Word 2016®.

Dated:  February 9, 2024        By: */s/ Alyssa J. White*
                                Alyssa J. White (TX 24073014)